16

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

D-1 ERNESTO OCAMPO-VALDEZ,
D-2 LUIS ANGEL CASTANEDA-PENA,
D-3 FRANCIS MARINO GARCIA-MOTA,
D-4 DEDRICK RICHARDSON
    AKA "TRAIN,"
D-5 TAMIKA NICOLE FORREST,
D-6 JOSE A. RIOS, and
D-7 DALTON DALE NIXON II,

        Defendants.
_____/

Case: 2:24-cr-20261
Assigned To : Leitman, Matthew F.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 5/15/2024
Description: INDI USA v SEALED
MATTER (JP)

Violations:
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 1956(h)
21 U.S.C. § 1956(a)(1)(B)(i)

## Indictment

The Grand Jury charges that:

### Count One
### Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance
### 21 U.S.C. §§ 846 & 841(a)(1)

D-1 ERNESTO OCAMPO-VALDEZ,
D-2 LUIS ANGEL CASTANEDA-PENA,
D-3 FRANCIS MARINO GARCIA-MOTA,
D-4 DEDRICK RICHARDSON
    AKA "TRAIN," and
D-5 TAMIKA NICOLE FORREST

    From in or around January 2023, through in or around March 2023, in the

Eastern District of Michigan, and elsewhere, the defendants, ERNESTO

OCAMPO-VALDEZ, LUIS ANGEL CASTANEDA-PENA, FRANCIS MARINO GARCIA-MOTA, DEDRICK RICHARDSON, and TAMIKA NICOLE FORREST, knowingly and intentionally combined, conspired, confederated, and agreed with each other and with persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

With respect to the defendant, ERNESTO OCAMPO-VALDEZ, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

With respect to the defendant, LUIS ANGEL CASTANEDA-PENA, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture and substance containing a detectable amount of

N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

With respect to the defendant, FRANCIS MARINO GARCIA-MOTA, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

With respect to the defendant, DEDRICK RICHARDSON, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

The defendant, DEDRICK RICHARDSON, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within

fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

With respect to the defendant, TAMIKA NICOLE FORREST, the controlled substance involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

## Count Two
### Possession of Fentanyl with Intent to Distribute
### 21 U.S.C. § 841(a)(1)

D-5 TAMIKA NICOLE FORREST

On or about March 22, 2023, in the Eastern District of Michigan, the defendant, TAMIKA NICOLE FORREST, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

4

## Count Three
**Conspiracy to Launder Monetary Instruments**
**18 U.S.C. § 1956(h)**

D-2 LUIS ANGEL CASTANEDA-PENA
D-6 JOSE A. RIOS
D-7 DALTON DALE NIXON II

From in or around February 2023 through on or about May 1, 2023, in the Eastern District of Michigan, and elsewhere, the defendants, LUIS ANGEL CASTANEDA-PENA, JOSE A. RIOS, and DALTON DALE NIXON II, knowingly combined, conspired, and agreed with each other and with other persons known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, possession of a controlled substance with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to commit those offenses, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing while conducting and attempting to conduct such financial transactions that the property involved in the financial transactions represented the proceeds of some form of unlawful activity,

5

in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

### Count Four
### Laundering of Monetary Instruments
### 18 U.S.C. § 1956(a)(1)(B)(i)

D-2 LUIS ANGEL CASTANEDA-PENA
D-6 JOSE A. RIOS

From on or about March 9, 2023, to on or about March 13, 2023, in the Eastern District of Michigan, and elsewhere, the defendants, LUIS CASTANEDA-PENA and JOSE A. RIOS, knowingly conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, to wit, the delivery of approximately $85,195 in bulk cash, which was subsequently converted to cryptocurrency (USDC) and transferred by wire, minus commissions, to a specified cryptocurrency wallet, which transaction involved the proceeds of a specified unlawful activity, that is, possession of a controlled substance with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to commit those offenses, in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and knowing that the property involved in the financial transaction represented the

proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Forfeiture Allegations

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

Pursuant to Title 21, United States Code, Section 853(a), the defendants convicted of the offenses charged in Counts One and Two of the Indictment, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses, violations of Title 18, United States Code, Section 846 and 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. Forfeiture includes, but is not limited to, the forfeiture of the defendants' interest to the United States in one Smith & Wesson .38 model 638-9, and five .38 caliber rounds.

Pursuant to Title 21, United States Code, Section 982(a)(1), the defendants convicted of the money laundering offenses charged in Counts Three and Four of

the Indictment shall forfeit to the United States of America any property, real or personal, involved in such offenses, and any property traceable to such property.

As part of the forfeiture in this case and upon conviction of the defendants, the United States intends to seek entry of a forfeiture money judgment against the defendants representing the property obtained by the defendants as result of their violations of Counts One and Two of the indictment, and the value of the property involved in the violations of Counts Three and Four of the Indictment.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

                        **This is a True Bill.**

                        /s/ Grand Jury Foreperson
                        Grand Jury Foreperson

DAWN N. ISON
United States Attorney

/s/ Benjamin Coats
Benjamin Coats
Chief, Drug Task Force Unit

/s/ Rajesh Prasad
Rajesh Prasad
Assistant United States Attorney

/s/ Timothy P. McDonald
Timothy P. McDonald
Assistant United States Attorney

Dated: May 15, 2024

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: *TPM* |

Case Title: USA v. Ernesti Ocampo-Valdez, et. al.

County where offense occurred: Wayne

Check One:  ☒ Felony   ☐ Misdemeanor   ☐ Petty

　　✓ Indictment/___ Information --- **no** prior complaint.
　　___ Indictment/___ Information --- based upon prior complaint [Case number:　　　　　　　]
　　___ Indictment/___ Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].

## Superseding Case Information

Superseding to Case No: _____   Judge: _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

May 15, 2024
　　Date

*Timothy P. McDonald* (signature)
Timothy P. McDonald
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Fax: 313-226-3265
E-Mail address: Timothy.McDonald@usdoj.gov
Attorney Bar #: P64562

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.